# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cosetta R. Morris,

        Plaintiff,

        **ORDER**
v.         Civil No. 09-1060 ADM/AJB

Adam Bailey, acting in his individual
capacity as a St. Paul Police Officer,

        Defendant.

_____

Robert Bennett, Esq., Jeffrey S. Storms, Esq., and Andrew J. Noel, Esq., Flynn, Gaskins & Bennett, LLP, Minneapolis, MN, on behalf of Plaintiff.

Cheri M. Sisk, Esq., Assistant Saint Paul City Attorney, St. Paul, MN, on behalf of Defendant.
_____

On June 16, 2010, the undersigned United States District Judge heard oral argument on Defendant Adam Bailey's ("Officer Bailey") Motion for Summary Judgment [Docket No. 19]. Plaintiff Cosetta R. Morris ("Morris") has brought suit under 42 U.S.C. § 1983, claiming a deprivation of her right under the Fourth and Fourteenth Amendments of the United States Constitution to be free from excessive force.

To determine whether the force used was reasonable under the Fourth Amendment, the Court is required to carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (quotations omitted). Courts are to consider all the facts and circumstances of the particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. Genuine issues of material fact preclude the Court from concluding, as a matter of law, that the force used by

Officer Bailey was reasonable under the totality of the circumstances, and, accordingly, summary judgment on qualified immunity grounds is not warranted. Viewed in the light most favorable to Morris, the evidence supports an inference that the information available to Officer Bailey at the time of the incident suggested that Morris (1) had committed a crime that was, relatively speaking, not severe and did not include the use of a weapon; (2) did not pose an immediate threat to Officer Bailey's and his partner's safety and posed only a low threat to the roommate; and (3) had not actively resisted any physical efforts by the officers to control her. A reasonable jury, if it credits Morris's version of the event, could find that Officer Bailey's use of an arm-bar technique was unreasonable or, even if it was reasonable, that the force used to execute the technique was excessive under the given circumstances.

For the reasons stated on the record at oral argument and summarized briefly here, **IT IS HEREBY ORDERED** that Officer Bailey's Motion for Summary Judgment [Docket No. 19] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 16, 2010.